UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIRSTEN SEAVERTSON,

                                 NO. CIV. S-05-1089 LKK/DAD

      Plaintiff,

  v.

UNUM LIFE INSURANCE COMPANY
OF AMERICA, et al.,

      Defendants.
                               /

**STATUS (PRETRIAL SCHEDULING) CONFERENCE**

    Pursuant to court order, a Status (Pretrial Scheduling) Conference was held in Chambers on August 22, 2005.  JESSE KAPLAN appeared as counsel for plaintiff; BILL REILLY appeared as counsel for defendant Hajoca Corp. Long Term Disability Plan.  After hearing, the court makes the following findings and orders:

**SERVICE OF PROCESS**

    All parties defendant have been served and no further service is permitted except with leave of court, good cause having been shown.

1

**JOINDER OF PARTIES/AMENDMENTS**

No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

**JURISDICTION/VENUE**

Jurisdiction is predicated upon 29 U.S.C. § 1132(e)(1), is undisputed and is hereby found to be proper, as is venue.

**MOTION HEARING SCHEDULES**

The parties are directed to bring on cross-motions for summary judgment not later than May 15, 2006, to be heard on June 15, 2006 at 10:00 a.m. in Courtroom No. 4.

At the time of filing a motion, opposition, or reply, counsel are directed to email a copy in word processing format to the Judge's Assistant, Tim Hinkle, at thinkle@caed.uscourts.gov.

**DISCOVERY**

No modifications of the discovery requirements found in the Federal Rules is ordered.

All discovery is left open, save and except that it shall be so conducted as to be completed by March 15, 2006. The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with. Motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of

1 this court and so that such motions will be heard not later than
2 February 15, 2006.  In this regard, all counsel are to designate
3 in writing and file with the court and serve upon all other parties
4 a final list of the names of all experts that they propose to
5 tender at trial not later than forty-five (45) days before the
6 close of discovery herein established.  Accompanying the
7 designation shall be the written report specified in Fed. R. Civ.
8 P. 26 A2B.  All experts so designated are to be fully prepared to
9 render an informed opinion at the time of <u>designation</u> so that they
10 may fully participate in any deposition taken by the opposing
11 party.  Experts will not be permitted to testify at the trial as
12 to any information gathered or evaluated, or opinion formed, after
13 deposition taken subsequent to designation.

14 An expert witness not appearing on said lists will not be
15 permitted to testify unless the party offering the witness
16 demonstrates:  (a) that the necessity of the witness could not have
17 been reasonably anticipated at the time the lists were exchanged;
18 (b) the court and opposing counsel were promptly notified upon
19 discovery of the witness; and (c) that the witness was promptly
20 proffered for deposition.

21 **SETTLEMENT CONFERENCE**

22 A Settlement Conference is now SET before the Honorable Dale
23 A. Drozd on September 29, 2005 at 10:00 a.m.
24 ////
25 ////
26 ////

1  Counsel are directed to submit settlement conference
2  statements to the settlement judge **not later than seven (7) days**
3  **prior to the conference.** At counsel's option, such statements may
4  be submitted in confidence pursuant to Local Rule 16-270(d).
5  Counsel are cautioned to have a principal capable of
6  disposition present at the Settlement Conference or to be fully
7  authorized to settle the matter on any terms and at the Settlement
8  Conference.

9  **MISCELLANEOUS PROVISIONS**

10  The parties are reminded that pursuant to Fed. R. Civ. P.
11  16(b), the Status (pretrial scheduling) Order **shall not be modified**
12  **except by leave of court upon a showing of good cause.** Counsel are
13  cautioned that changes to any of the scheduled dates will
14  necessarily result in changes to all other dates. Thus, even where
15  good cause has been shown, the court will not grant a request to
16  change the discovery cutoff date without modifying the pretrial and
17  trial dates.

18  **Agreement by the parties pursuant to stipulation does not**
19  **constitute good cause. Nor does the unavailability of witnesses**
20  **or counsel, except in extraordinary circumstances, constitute good**
21  **cause.**

22  The parties are reminded of their continuing obligation to
23  supplement their statements relative to the identification of
24  parent corporations and any publicly held company that owns 10% or
25  more of the party's stock within a reasonable time of any change
26  in the information.

4

1     The parties are admonished that they are not to cite or refer
2 to any of the quotations inscribed in the pavers on the front plaza
3 of the United States Courthouse in any written or oral presentation
4 to the court or a jury.
5     There appear to be no other matters presently pending before
6 the court that will aid the just and expeditious disposition of
7 this matter.
8     IT IS SO ORDERED.
9     DATED: August 24, 2005.

10                                     /s/Lawrence K. Karlton
                                         LAWRENCE K. KARLTON
11                                     SENIOR JUDGE
                                    UNITED STATES DISTRICT COURT
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

5